# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BILLY JEROME THOMPSON,

    Plaintiff,

v.                                        Case No. 5:19-cv-187-MCR-MJF

SRG. WELLMAN, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

    This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court on referral from the clerk of the court. On January 16, 2020, this court ordered Plaintiff to file an amended complaint (or notice of voluntary dismissal) within 30 days. (Doc. 15). Plaintiff was warned that failure to comply with the order likely would result in dismissal of this case. Plaintiff has not complied with the order and has not responded to the February 24, 2020, order (Doc. 16) requiring him to show cause, within 14 days, why this case should not be dismissed for failure to prosecute and failure to comply with this court's order.

    Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.   This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with orders of this court.[1]

2.   The clerk be directed to close this case file.

At Panama City, Florida, this 24th day of March, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cty. Sheriff's Office*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").